## CREED v PFEIFLE et

Ohio Appeals, 9th Dist, Summit Co

No 2307. Decided April 11, 1934

J. Earl Cox, Akron, and C. D. Riggle, Akron, for plaintiff.

Burroughs & Burroughs, Akron, for defendants.

## OPINION

By FUNK, J.

Counsel for defendants contend that plaintiff is not entitled to recover on her alleged oral contract, for the following reasons; first, that as the deed executed by said Louisa H. Pfeifle and husband, William H. Pfeifle, for said West Market Street lot, was found, unrecorded, among the papers of said William H. Pfeifle after his decease, it is clear that it was never delivered, and that therefore the statute of frauds (§8620, GC) applies, and further, that the evidence adduced is not such as the law requires to take said oral contract for said West Market Street lot out of the statute of frauds; and second, because the plaintiff's evidence if admissible, establishes a different contract than that set out in the petition.

The principal controversy, as we understand it, is whether said West Market Street lot was to be transferred to plaintiff as a part of the purchase price of the Elmdale Avenue property, and if so, whether there was such part performance in reference thereto as to take said contract out of the statute of frauds, notwithstanding the failure of said William H. Pfeifle to deliver said deed to plaintiff or her agent prior to his death.

It is admitted by the parties on both sides that the legal title to the Elmdale Avenue property was in plaintiff; that the defendant Louisa H. Pfeifle and her said husband purchased the same in the fall of 1928; that all the negotiations were carried on between Gary Creed, husband of plaintiff, on behalf of plaintiff, and said William H. Pfeifle, on behalf of himself and wife; that the plaintiff and her said husband executed and delivered to the defendant Louisa H. Pfeifle and her said husband, a good and sufficient general warranty deed for the Elmdale Avenue property, and that the Pfeifles put a mortgage for $8,000 on it, at least a part, if not all, of which went to pay part of the purchase price; that said William H. Pfeifle died testate, leaving said Louisa H. Pfeifle as his widow and sole devisee of all his real estate; that the said defendant Louisa H. Pfeifle is now the sole owner thereof, and, with her family, has occupied it ever since she and her said husband purchased it in the fall of 1928; that it was a new house, constructed under

the supervision of Gary Creed; and that the cash part of the purchase price had been paid and settlement made therefor some months prior to the death of said William H. Pfeifle.

It is also admitted that the defendant Louisa H. Preifle and her husband duly executed a general warranty deed on or about the 28th day of June, 1929, for said West Market Street lot, conveying the same to plaintiff, and that said deed was found among the papers of said William H. Pfiefle sometime after his death.

Also, the evidence on behalf of plaintiff that she had paid the taxes on said West Market Street lot for some time after 1928 and ceased paying them only because of lack of funds to do so, that she had the weeds mowed, the trees trimmed and some top soil removed, that her husband had placed a large sign thereon soon after October, 1928, advertising his business, and that said sign remained thereon for some years until it became decayed and was blown over by the wind, is not disputed.

It is also undisputed that Mr. and Mrs. Pfeifle and Mr. and Mrs. Creed were personal friends and moved in the same social circles, and that Mr. Creed and Mr. Pfeifle frequently came in contact with each other in their respective businesses and had implicit confidence in each other's integrity, and that this relationship had much to do with the reason why the contract for said properties was not put in writing.

However, it is claimed by the defendants that said Louisa H. Pfeifle did not personally see the sign Mr. Creed placed upon said lot, and did not have definite or direct information that plaintiff had taken possession of the West Market Street lot and mowed the weeds, trimmed the trees, removed soil, and paid the taxes thereon, and further that the possession of plaintiff was not definite, exclusive, continuous and uninterrupted, that plaintiff was never upon the lot, that whatever possession plaintiff had was without the consent of said Louisa H. Pfeifle and was not open, visible and notorious, that the sign erected by Mr. Creed had no words upon it indicating any exercise of ownership or dominion over the property, and that said possession was not taken contemporaneously with the performance of the other portions of the contract, and that therefore said oral agreement was within the statute of frauds and does not entitle plaintiff to prevail.

It is also claimed that, as the contract included an exchange of property, the contracts were several as to the respective properties, so far as taking their respective transfers out of the statute of frauds is concerned, and that the mere payment of the consideration will not take a verbal agreement for the conveyance of real estate out of the statute of frauds.

There is little direct conflict in the evidence in this case, except as to certain conversations at a card party and elsewhere, but those conversations are not the only evidence as to the issues on which they are intended to give some light. We do not think any disinterested person can read the evidence in this case and say that it was not a part of the agreement that said West Market Street lot was to be conveyed to plaintiff as a part of the consideration for the Elmdale avenue property.

It should be noted that, in addition to the enumerated admitted facts and undisputed evidence, the defendant Nola Pfeifle, who is an attorney and a daughter of said Louisa H. Pfeifle, and who has lived in the Elmdale Avenue property with her mother since her mother moved into it in the fall of 1928, testified that she prepared the inventories of the estate of her father, William H. Pfeifle, deceased, for her mother, that she knew at that time that the record title of said West Market Street lot stood in his name, and that, notwithstanding she knew that fact, she did not list said lot as an asset of his estate at that time, and filed a supplementary inventory including it, only after said deed for said lot was discovered among her deceased father's papers.

It should also be noted that the defendant Louisa H. Pfeifle testified that she knew, at the time she signed said deed for said West Market Street lot, that it was to convey said lot to the Creeds as a part of the consideration for the Elmdale Avenue property, and that she thought the Creeds had said deed for said lot until it was found among the papers of her deceased husband.

Moreover, there is no claim that the defendants, or that William H. Pfeifle during his lifetime, attempted to pay the taxes on or exercise any ownership or control over said West Market Street lot after said oral agreement was entered into and the Pfeifles moved into the Elmdale Avenue property in the fall of 1928, until after said deed was found among the papers of said William H. Pfeifle after his decease.

While it is a well settled rule that the execution of a deed which is not delivered, is not such a memorandum in writing as is sufficient to take an oral agreement for the conveyance of real estate out of the statute of frauds, we believe that the fact

of its execution, and the facts surrounding the execution, may be taken into consideration in connection with all the other facts and surrounding circumstances in determining the existence of an agreement.

There is a well-established rule, concerning an oral agreement for the transfer of real estate, that, where the acts of both parties are such as to show an oral contract for the conveyance of real estate with substantially the same certainty as would be shown by a written memorandum, such acts may take such oral agreement out of the statute of frauds.

There is also another rule, just as well established, that, where the part performance is such as would not permit the parties to be restored to their original situation, such part performance will take an oral contract for the conveyance of real estate out of the statute of frauds.

It must also be borne in mind that the knowledge of the agent it attributable to the principal.

We think that the admitted facts, together with the undisputed and other competent evidence, clearly shows that the acts of both parties were such as to show an oral agreement for the conveyance of said West Market Street lot to plaintiff as a part of the consideration for the Elmdale Avenue property with substantially the same certainty as would have been shown by a written agreement; that plaintiff took possession of said lot in pursuance of said oral agreement, at or about the time it was entered into, and when said Louisa H. Pfeifle and her husband, William H. Pfeifle, then in full life, took possession of said Elmdale Avenue property; that the defendant Louisa H. Pfeifle must have had at least constructive knowledge, if not actual knowledge through her agent, that plaintiff so took possession of said West Market Street lot; that said evidence further shows such part performance of said oral agreement that the parties could not now be restored "to their original situation"; and that plaintiff's possession was accordingly such as to take said oral contract out of the statute of frauds, and that this is not a case of the mere payment of the purchase price.

It surely cannot be successfully argued that the mowing of weeds, the trimming of trees, the placing of a large sign on the lot, and the removal of top soil, together with the paying of taxes, is not open, notorious and visible, and that such evidence does not show much more open and visible possession than is usually exhibited by most owners of vacant lots.

The fact that the sign placed upon the lot was destroyed by decay and wind and that plaintiff in later years failed to pay the taxes because of lack of funds with which to pay them, surely would not be sufficient to show that the possession was not continuous and uninterrupted.

As to the claim that plaintiff's evidence establishes a different contract than that set out in the petition, we need only say that we find no merit in this contention.

We are therefore of the opinion that the finding and order of the court below is fully sustained by the evidence, and a similar decree may be entered in this court.

WASHBURN, PJ, and STEVENS, J, concur in judgment.